IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.   NO. 3:15-CR-125-3

RODERICK BARNES

**ORDER**

On May 20, 2016, Roderick Barnes pled guilty to Counts One, Two and Eight of the indictment filed in this case, which charged him, respectively, with conspiracy to distribute and possess with intent to distribute cocaine hydrochloride, conspiracy to commit money laundering, and possession of a firearm in furtherance of a drug trafficking offense. Doc. #64 at 1–2; Doc. #70. On September 26, 2016, this Court sentenced Barnes to 120 months imprisonment on Counts One and Two, to run concurrently to each other, and 60 months imprisonment on Count Eight, to run consecutively to the sentences imposed on Counts One and Two. Doc. #113 at 2.

On or about July 14, 2020, Roderick Barnes filed a pro se "Motion for Pretrial Credit" seeking a credit on his sentence of "13 months and 23 days for time served" "in accordance with 18 U.S.C. § 3585." Doc. #146. As grounds, Barnes represents that he was granted pretrial release on November 3, 2015; that during the period of pretrial release, he was "under the jurisdiction" of this Court and "subject[] to reporting to an officer of the Court;"[1] that he "successfully completed all of the conditions of the pretrial release requirements;" and that he "has not received credit for the prementioned time." *Id.* at 1–2.

18 U.S.C. § 3585 provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent *in official detention* prior to the date the sentence

---

[1] Barnes also represents that he was subject to "random urine analysis monthly at the Southaven Police Department and the Olive Branch Police Department." Doc. #146 at 1.

commences." 18 U.S.C. § 3585(b) (emphasis added). "Prior to seeking judicial review of credits under § 3585(b), prisoners are required to exhaust their administrative remedies."[2] *Smith v. Upton*, 477 F. App'x 289, 289 (5th Cir. 2012) (citing *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992)); *see United States v. Alexander*, 609 F.3d 1250, 1259–60 (11th Cir. 2010) ("Authority to calculate credit for time served under section 3585(b) is vested in the Attorney General, not the sentencing court. And, prisoners may seek judicial review of the calculation only after exhausting administrative remedies.") (citation omitted). Because nothing in Barnes' motion indicates that he exhausted administrative remedies regarding his request for credit towards his sentence,[3] his "Motion for Pretrial Credit" [146] is **DENIED**.

**SO ORDERED**, this 23rd day of October, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] As the Fifth Circuit recently reaffirmed, "the calculation of credit under § 3585(b) rests with the Attorney General (through the BOP), not with the court that imposed the sentence." *Smith v. McConnell*, 950 F.3d 285, 288 (5th Cir. 2020) (citations omitted).

[3] The Court notes, however, that because a defendant is not in official detention during his pretrial release, he is entitled to no credit on his sentence for the term of his pretrial release. *See Malosh v. Crabtree,* 758 F. Supp. 620, 621 (D. Or. 1991) (denying defendant's motion to order Bureau of Prisons to credit against his prison sentence 129 days he resided and worked at army base as condition of pretrial release because such condition of release "does not amount to time spent 'in official detention' for the purposes of 18 U.S.C. § 3585."). Under § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."